UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY FRANKS, TODD HEBERT and CRAIG LEDET, individually and on behalf of all others similarly situated | CIVIL ACTION |
| | NO. 19-10839 |
| VERSUS | |
| | SECTION: M (4) |
| LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, and SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY | |

## ORDER & REASONS

Before the Court is a motion by plaintiffs Larry Franks, Todd Hebert, and Craig Ledet, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), for conditional certification of collective action.[1] Defendants Louisiana Farm Bureau Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, and Southern Farm Bureau Casualty Insurance Company (collectively, "Defendants") respond in opposition,[2] and Plaintiffs reply in further support of the motion.[3] Having considered the parties' memoranda and the applicable law, the Court grants Plaintiffs' motion for conditional certification.

## I. BACKGROUND

This case arises out of Plaintiffs' employment as insurance agents with Defendants.[4] Plaintiffs bring this action, individually and on behalf of all other similarly-situated individuals,

---

[1] R. Doc. 35.
[2] R. Doc. 38.
[3] R. Doc. 42.
[4] R. Doc. 1 at 1.

against Defendants asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs allege that Defendants are an "enterprise engaged in commerce" within the meaning of the FLSA because they utilize common management, supervision, operations, and control to sell and service insurance policies under the Louisiana Farm Bureau name.[5]

Plaintiffs allege that Defendants failed to properly pay their wages and those of similarly-situated employees.[6] Specifically, Plaintiffs allege that Defendants failed to pay them one-and-one-half (1½) times their regular rate of pay for hours worked in excess of 40 in a workweek.[7] Plaintiffs also allege that Defendants did not properly track workers' hours and pay, which resulted in employees not being properly paid.[8]

Plaintiffs seek to represent a class of workers pursuing FLSA claims against Defendants consisting of:

> All individuals who, through a contract or agreement with Louisiana Farm Bureau Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, and Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agents for each of them or any of them anywhere in the State of Louisiana and who were classified on paper by each of them or any of them as "independent contractors" and who work or worked in excess of forty (40) hours during any work-week at any time from the date that is three years preceding the commencement of this action through the close of the Court-ordered opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b).[9]

Plaintiffs pray for a declaratory judgment finding that Defendants willfully violated the FLSA, and an award of unpaid compensation for all class members, attorney's fees, pre- and post-judgment interest, and costs.[10]

---

[5] *Id.* at 4-11.
[6] *Id.* at 11-12.
[7] *Id.*
[8] *Id.* at 12.
[9] R. Doc. 35 at 1-2.
[10] R. Doc. 1 at 12-15.

## II. PENDING MOTIONS

On December 5, 2019, Plaintiffs filed the instant motion for conditional certification of the proposed FLSA class.[11] Plaintiffs argue that conditional class certification is appropriate because there are numerous insurance agents employed in Louisiana by Defendants who were treated similarly and were not paid overtime wages.[12]

Defendants argue that Plaintiffs have not demonstrated that there are other aggrieved individuals throughout Louisiana because they have identified only one other putative class member who wants to opt-in, and that person was employed at the same office as the named plaintiffs.[13] Defendants also argue that Plaintiffs have not shown that the putative class members are similarly situated because determining independent contractor status and the applicability of the outside-sales exemption will require an individual analysis as to each putative class member, thus making class certification improper.[14]

## III. LAW & ANALYSIS

An employee may sue an employer for violating the overtime provisions of the FLSA either individually or as a collective action on behalf of himself or herself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, which requires putative plaintiffs to opt out, a collective action under § 216(b) binds

---

[11] R. Doc. 35.
[12] R. Doc. 35-6 at 6-7. Plaintiffs also seek an order: (1) approving their proposed written notice to putative collective action members; (2) permitting their attorneys to send written notice and opt-in forms to putative collective action members via first-class mail and email for a 90-day opt-in period; and (3) requiring Defendants to produce to their attorneys in a data computer file the names, last-known addresses, last-known email addresses, last-known telephone numbers, agent or employee numbers, last four digits of the social security numbers, work locations, and dates of employment of all putative collective action members. *Id.* at 7-10. Rather than addressing it in their memorandum in opposition (as they should have), Defendants filed a separate motion objecting to certain aspects of Plaintiffs' requested relief. R. Doc. 39. Defendants' motion is set for submission on February 27, 2020. R. Doc. 39-2. Instead of waiting for Plaintiffs to reply to the motion, this Court will order the parties to meet and confer to attempt to resolve their differences over the notice and plan and to provide a proposed notice and plan to the Court.
[13] R. Doc. 38 at 19-23.
[14] *Id.* at 23-27.

only those employees who affirmatively "opt in" to the suit. *Id.* ("No employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Courts have taken two different approaches to resolve the issue of whether plaintiffs are similarly situated to a proposed class: the spurious class action approach, which originated in *Shushan v. University of Colo.*, 132 F.R.D. 263 (D. Colo. 1990); and the "two-step" approach, as in *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988). The Fifth Circuit has yet to adopt either test. However, district courts in this circuit have generally applied *Lusardi*'s "two-step" approach, and this Court will follow that jurisprudence.[15] *See Guidry v. Target Corp.*, 2009 WL 1604591 (E.D. La. June 5, 2009); *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (the two-step approach "is the preferred method for making the similarly situated analysis").

The *Lusardi* two-step approach consists of a "notice stage" and a "decertification stage." *Mooney v. Aramco*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the court determines, based only

---

[15] Defendants argue that this Court should apply a "more demanding" level of scrutiny to class certification because there has been time for discovery. R. Doc. 38 at 27-34. In *Nieddu v. Lifetime Fitness, Inc.*, the district court recognized that "[a] number of courts have held that if **substantial** discovery occurs before the first, conditional certification stage, the court may bypass the first stage and proceed directly to the second stage of certification analysis." 977 F. Supp. 2d 686, 692 (S.D. Tex. 2013) (quotations and citations omitted) (emphasis added). Similarly, in *Clay v. Huntington Ingalls Inc.*, the district court, recognizing that a "**substantial** amount of discovery" had been conducted in the case, stated that it can appropriately consider in the exercise of its discretion to certify the collective action whether "that discovery tends to show that trying the claims in a representative fashion is not practical." 2011 WL 13205917, at *5 (E.D. La. Sept. 29, 2011) (emphasis added). In the case at bar, no discovery has been conducted. Further, there are similar cases pending in other district courts within the Fifth Circuit where the plaintiffs sought conditional certification of an FLSA class of Farm Bureau insurance agents or managers, and, over the defendants' oppositions, the courts employed the *Lusardi* analysis to conditionally certify the classes. *See English v. Tex. Farm Bureau Bus. Corp.*, 2019 WL 2112275 (W.D. Tex. Mar. 29, 2019); *Ferguson v. Tex. Farm Bureau Bus. Corp.*, 2018 WL 1392704 (W.D. Tex. Mar. 20, 2018); *Britt v. Miss. Farm Bureau Cas. Ins. Co.*, 2019 WL 943404 (N.D. Miss. Feb. 26, 2019). Thus, "[a]fter review of the arguments and the record, the Court finds no reason to depart from the long-line of precedent finding that *Lusardi* is the preferred method for analyzing motions to certify collective actions under Section 216(b)." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 876 (E.D. La. 2008).

on the pleadings and any affidavits that have been submitted, whether the putative collective action members should receive notice of the action. *Id.* at 1214. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination.'" *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). If the district court finds that the putative collective action members are similarly situated, it conditionally certifies the class and the putative collective action members are given notice and the opportunity to opt in. *Id.* at 1214. "The action proceeds as a representative action throughout discovery." *Id.*

The decertification stage is precipitated when the defendant, after discovery is largely completed and the matter is ready for trial, files a motion to decertify the class. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination of the similarly situated question." *Id.* If the district court finds that the claimants are not similarly situated, it decertifies the class and dismisses without prejudice the opt-in plaintiffs' claims, and the class representatives (*i.e.*, the original plaintiffs) proceed to trial on their individual claims. *Id*. On the other hand, if the district court finds that the claimants are similarly situated, it allows the representative action to proceed to trial. *Id.*

Plaintiffs seek conditional certification on behalf of a class of similarly-situated persons under the notice stage of the *Lusardi* approach. At this first stage, "a plaintiff must show that: '(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.'" *Tolentino v. C &*

5

*J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (quoting *Morales v. Thang Hung Corp.,* 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009)). In conducting this inquiry, district courts have considered whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (citations omitted). "A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist." *Id.*

1. **Existence of Aggrieved Co-Workers**

Plaintiffs present sufficient evidence that there are other aggrieved co-workers in the proposed class. Each of the named plaintiffs submitted an affidavit in support of the conditional certification motion.[16] The affidavits, which are virtually identical, attest that there are approximately 250 to 350 other insurance agents who worked for Defendants in the last three years, were allegedly improperly classified as independent contractors, and were not paid overtime wages.[17] These affidavits are sufficient to establish the existence of other potential class members.

2. **Aggrieved Co-Workers are Similarly Situated to Plaintiff**

"[P]otential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649-50 (quotation omitted). "The positions need not be identical, but similar." *Id.* at 650 (quotation omitted). Moreover, "[w]hether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations." *Donahue v. Francis Servs., Inc.*, 2004 WL 1161366, at *2 (E.D. La. May 24, 2004) (citations omitted). Instead,

---

[16] R. Docs. 35-1, 35-2 & 35-3.
[17] *Id.*

similarly-situated plaintiffs share some factual nexus which binds them together as victims of a particular alleged policy or practice. *Xavier*, 585 F. Supp. 2d at 878 (quoting *Crain v. Helmerick & Payne Int'l Drilling Co.*, 1992 WL 91946, at *4-5 (E.D. La. Apr. 16, 1992)). A district court may deny a plaintiff's motion "to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 650. (quotation omitted).

In their affidavits, Plaintiffs state that the putative class members were all insurance agents who were subject to the same contract and pay structure.[18] Plaintiffs also attest that the putative class members were all misclassified as independent contractors, treated as at-will employees, and not paid overtime.[19] This evidence shows that there is a factual nexus that binds the putative collective action members as being subject to common payroll practices.

Defendants argue that Plaintiffs were not similarly situated to the putative collective action members because both the economic realities test for independent contractor status and the outside-sales exemption must also be analyzed as to each putative class member.[20] As such, Defendants argue that these defenses make it improper for this case to proceed as a representative action.[21]

Exemption defenses, which may be individual to each plaintiff, "are more appropriately considered at the second stage of the *Lusardi* inquiry." *Ramos v. Capitan Corp.*, 2016 WL 8674617, at *3 (W.D. Tex. May 18, 2016) (citing *Mooney*, 54 F.3d at 1213 n.7, 1215-16); *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008). Notably, "at the conditional certification stage, the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *White v. Integrated Elec. Techs., Inc.*, 2013 WL

---

[18] *Id.*
[19] *Id.*
[20] R. Doc. 38 at 23-27.
[21] *Id.*

2903070, at *6 n.21 (E.D. La. June 13, 2013) (quoting *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010)). Therefore, at this stage, the Court will not adjudicate the merits of Defendants' defenses as to any plaintiff, and finds that there is enough evidence that Plaintiffs are similarly situated to the putative collective action members to allow conditional certification.

### 3. Aggrieved Co-Workers Want to Opt In

Plaintiffs have made a sufficient showing that other workers would want to opt in to a putative collective action. On September 26, 2019, counsel for Plaintiffs filed into the record a notice of consent to join signed by Carla LeCompte Bergeron.[22] Considering the lenient standard at the notice stage of the *Lusardi* inquiry, the Court finds that Plaintiffs have adequately shown that other workers want to join the litigation and that conditional certification of a collective action is appropriate at this time.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to conditionally certify the class (R. Doc. 35) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 29 U.S.C. § 216, the class is conditionally certified as:

> All individuals who, through a contract or agreement with Louisiana Farm Bureau Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, and Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agents for each of them or any of them anywhere in the State of Louisiana and who were classified on paper by each of them or any of them as "independent contractors" and who work or worked in excess of forty (40) hours during any work-week at any time from the date that is three years preceding the Court's Order granting conditional

---

[22] R. Doc. 24.

certification through the close of the Court-ordered opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b).[23]

IT IS FURTHER ORDERED that the submission date of Defendants' motion to modify Plaintiffs' proposed notice plan (R. Doc. 39) is CONTINUED from February 27, 2020, to March 12, 2020. The parties must meet and confer at their earliest convenience to attempt to work out any differences regarding Plaintiffs' proposed notice plan given the objections delineated in Defendants' motion. On or before March 4, 2020, the parties must submit to the Court their joint proposed notice and other relevant agreements. If the parties are unable to reach a compromise concerning the notice and plan, Plaintiffs must file their opposition to Defendants' motion (R. Doc. 39) in accordance with the Local Rules.

New Orleans, Louisiana, this 14th day of February, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[23] *Hobbs v. Cable Mktg. & Installation of La., Inc.*, 290 F. Supp. 3d 589, 597 n.6 (E.D. La. 2018) (FLSA three-year lookback period is from the date of the court's order granting conditional certification).